UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-21105-Civ-TORRES

TAMARA LAW,

    Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

    Defendant.

_____/

**ORDER ON CARNIVAL'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

This matter is before the Court on Carnival Corporation's d/b/a Carnival Cruise Line ("Defendant" or "Carnival") motion for partial summary judgment against Tamara Law ("Plaintiff"). [D.E. 31]. Plaintiff responded to Defendant's motion on June 14, 2021 [D.E. 35] to which Defendant did not reply and the time to do so has now passed. Therefore, Defendant's motion is now ripe for disposition. After careful consideration of the motion, response, reply, and relevant authority, and for the reasons discussed below, Defendant's motion for partial summary judgment is **GRANTED** as to counts two and three.[1]

---

[1] On July 13, 2021, the parties consented to the jurisdiction of the undersigned Magistrate Judge to take all necessary and proper action as required by law through and including trial and entry of final judgment. [D.E. 39].

1

## I. BACKGROUND

In February 2019, Plaintiff was a cruise line passenger onboard the Carnival *Ecstasy*. While walking down a flight of stairs, Plaintiff "caught her shoe in the protruding strip, causing her other foot to get caught in the exposed gap, resulting in serious injuries to her foot, which required extensive medical care and treatment[.]" [D.E. 1 at ¶14]. Staff members cleaned Plaintiff's wounds and she sought medical treatment after returning home. Plaintiff filed this action on March 12, 2020 because Carnival knew that the steps were in disrepair and failed to take any action to remedy the danger. Plaintiff also claims that, when she sought medical treatment onboard the vessel, the ship's infirmary failed to render the appropriate care. Therefore, Plaintiff filed this action with three counts of negligence for the condition of the stairs in count one and for Carnival's negligent medical staff in counts two and three.

## II. APPLICABLE PRINCIPLES AND LAW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "On summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 597 (1986) (quoting another source).

In opposing a motion for summary judgment, the nonmoving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323B24 (1986). The existence of a mere "scintilla" of evidence in support of the nonmovant's position is insufficient; there must be evidence on which the jury could reasonably find for the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A court need not permit a case to go to a jury . . . when the inferences that are drawn from the evidence, or upon which the non-movant relies, are 'implausible.'" *Mize v. Jefferson City Bd. Of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996) (citing *Matsushita*, 475 U.S. at 592-94).

At the summary judgment stage, the Court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. In making this determination, the Court must decide which issues are material. A material fact is one that might affect the outcome of the case. *See id.* at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary

3

will not be counted."). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

### III.   ANALYSIS

Carnival's motion seeks partial summary judgment on Plaintiff's medical negligence claims in counts two and three. Carnival argues that both counts fail because Plaintiff has no evidence to support her allegations. Carnival points out, for example, that Plaintiff admitted during a deposition that she had no criticism of the medical treatment that Carnival rendered. Carnival also accuses Plaintiff of failing to present any evidence on the applicable standard of care, whether the medical staff breached that standard, and whether the alleged negligence caused her injuries. While Carnival admits that Plaintiff disclosed three physicians as experts, Carnival says that there is no evidence to support the allegations of medical negligence. For these reasons, Carnival concludes that partial summary judgment should be entered as to counts two and three.

#### A.   *General Principles of Maritime Law*

Claims arising from alleged tort actions aboard ships sailing in navigable waters are governed by general maritime law. *See Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989). Under maritime law, a shipowner has a duty to exercise reasonable care to those aboard the vessel who are not members of the crew. *See Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 630 (1959). However, a shipowner "is not liable to passengers as an insurer, but only for

its negligence." *Keefe,* 867 F.2d at 1322.  To prove negligence, a plaintiff must show: (1) that the defendant had a duty to protect the plaintiff from a particular injury, (2) that the defendant breached the duty, (3) that the breach was the actual and proximate cause of the plaintiff's injury, and (4) that the plaintiff suffered damages.  *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). "The failure to show sufficient evidence of each element is fatal to a plaintiff's negligence cause of action."  *Taiariol v. MSC Crociere, S.A.*, 2016 WL 1428942, at *3 (S.D. Fla. Apr. 12, 2016) (citing *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006) ("Each element is essential to Plaintiff's negligence claim and Plaintiff cannot rest on the allegations of [the] complaint in making a sufficient showing on each element for the purposes of defeating summary judgment.")). While maritime law controls, the Court may rely on state law to supplement maritime law so long as it does not alter or overrule maritime law.  *See Faddish v. Buffalo Pumps*, 881 F. Supp. 2d 1361, 1368 (S.D. Fla. 2012).

### B. *Counts Two and Three*

Turning to the merits, Carnival says that there is insufficient evidence of medical negligence in counts two and three.  Carnival claims that vicarious liability cannot exist for medical malpractice when there is no underlying negligence of an independent contractor or agent.  In Carnival's view, this undermines counts two and three because Plaintiff testified that the ship's medical personnel properly treated and bandaged her foot.  Carnival also relies on Plaintiff's written discovery responses because she fails to criticize the medical treatment she received and

advances no evidence to support any of her remaining allegations. The only assertion that Plaintiff purportedly made is that Carnival's medical staff, while dealing with a separate patient, failed to give her the attention and urgency that she deserved. Because this fails to constitute medical negligence and the allegations in counts two and three are unsupported, Carnival concludes that the analysis can end here.

Carnival further says that counts two and three are defective for an entirely separate reason because Plaintiff has no expert testimony to support any of her allegations of medical negligence. *See Lambert v. United States*, 198 F. App'x 835, 839 (11th Cir. 2006) ("Generally the standard of care in medical malpractice cases is determined through expert testimony.") (citing *Pate v. Threlkel,* 661 So. 2d 278, 281 (Fla. 1995); *Torres v. Sullivan,* 903 So. 2d 1064, 1068 (Fla. 2d DCA 2005)). That is, even if the Court ignored other shortfalls, Carnival claims that there is no way around the fact that "[e]xpert testimony is required to establish medical causation for conditions not readily observable or susceptible to evaluation by lay persons," and that Plaintiff has met none of that here. *Mann v. Carnival Corp.*, 385 F. Supp. 3d 1278, 1285 (S.D. Fla. 2019) (citing *Rivera v. Royal Caribbean Cruises, Ltd.*, 711 F. App'x 952, 954 (11th Cir. 2017) ("When the causal link between alleged injuries and the incident at issue is not readily apparent to a lay person, expert medical testimony as to medical causation is typically required.")). While Plaintiff has disclosed three treating physicians to opine "on causation, disability, restrictions, prognosis, and required future medical care and treatment," Carnival is unsure how

6

any of these individuals have anything to do with Plaintiff's medical negligence claims. [D.E. 32-3 at 2]. Thus, Carnival concludes that Plaintiff has no evidence to support any of her medical negligence claims and, as a result, they cannot survive summary judgment.

Plaintiff has no opposition to Carnival's motion and says that any damages she suffered will be recoverable under her negligence theory in count one. Plaintiff agrees, in other words, to the relief sought and dedicates no more than two sentences in her response to Carnival's motion. Hence, Carnival's motion is, for all practical purposes, unopposed.

An unopposed motion for summary judgment may not be granted simply because there is a lack of opposition. *See United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101-02 (11th Cir. 2004) (citations and quotations omitted). Rather, a "district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact," and "must indicate that the merits of the motion were addressed." *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1102 (11th Cir. 2004) (citations and quotation marks omitted); *see also United States v. 5800 SW 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion").

7

Here, Carnival's motion is well taken because, based on the unrebutted record, Plaintiff has no evidence to support any of her medical negligence allegations. When Carnival questioned Plaintiff, for example, at her deposition on whether she had any criticisms of the medical care she received, she only stated that she felt neglected and upset:

> Q. Do you have any criticisms of the medical care provided to you onboard the vessel by Carnival's doctor and nurse?
>
> A. I don't have any criticism. I just felt very neglected. I felt very upset that no one was concerned about where I fell or asked me to show them where I fell, where I got hurt. I was not very good care. I was not very pleased with it, but the dressing was good, the cleaning of the dressing was good.

[D.E. 32-2 at 156:19-157:2]. Plaintiff never stated that Carnival's medical personnel acted negligently.

Plaintiff's treating physicians are equally unhelpful because, while she disclosed them as expert witnesses, none of them produced an expert report. Plaintiff says instead that these experts will "render opinions on causation, disability, restrictions, prognosis, and required future medical care and treatment, as well as provide opinions as to the whether the treatment to date has been reasonable and necessary, including the medical bills." [D.E. 32-3 at 2]. But, Plaintiff has no evidence on whether Carnival breached a standard of care, or whether the medical personnel caused her injuries.

This is plainly insufficient because, under federal maritime law, a plaintiff is required to set forth evidence of four elements on summary judgment: duty, breach, causation, and damages. Plaintiff has no evidence, however, of any breach. *See,*

8

*e.g., Kellner v. NCL (Bahamas), Ltd.*, 2016 WL 4440510, at *1 (S.D. Fla. Aug. 22, 2016) ("Each element, including causation, is essential to Plaintiff's negligence claim.") (citing *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1238 (S.D. Fla. 2006)); *Celotex Corp.*, 477 U.S. at 317 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."). The problems are even worse with respect to causation because, by her own admission, Plaintiff has no expert that can opine on whether Carnival's medical staff caused her injuries. That is an equally fatal defect because, to establish causation in a negligence case, expert testimony is required for injuries not readily observable. *See, e.g., Drury v. Cardiac Pacemakers, Inc.*, 2003 WL 23319650, at *3 (M.D. Fla. June 3, 2003) ("In a negligence case, in order to establish causation, expert testimony is necessary."); *Marking v. Novartis Pharm. Corp., Inc.*, 2002 WL 32255405, at *3 (S.D. Fla. Feb. 12, 2002) (finding that a plaintiff is required to introduce expert testimony to establish medical causation); *Scott v. United States*, 127 F. Supp. 422, 424 (N.D. Fla. 1955) ("[I]t has been consistently held that whether there was a causal connection between an accident . . . [and a sustained injury] . . . is a question with respect to which only medical experts with training, skill, and experience could . . . express an intelligent opinion").

Because evidence of each negligence element is required to defeat summary judgment and Plaintiff relies solely on allegations to support her medical negligence claims, Carnival's motion for summary judgment as to counts two and three is **GRANTED**. *See, e.g., First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289

(1968) ("What Rule 56(e) does make clear is that a party cannot rest on the allegations contained in his complaint in opposition to a properly supported summary judgment motion made against him.").

## IV. CONCLUSION

For the foregoing reasons, Carnival's motion for partial summary judgment [D.E. 31] is **GRANTED** as to counts two and three.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of July, 2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge